Kenneth S. Hixson, Judge, dissenting.
I join the dissent written by Judge Harrison but add the following. The landscape of the award of attorney's fees has changed since Tiner v. Tiner , 2012 Ark. App. 483, 422 S.W.3d 178. When Tiner was decided, circuit courts routinely awarded attorney's fees of $ 500, $ 1,000, or similar sums in domestic-relations cases by simply filling in the blank of a proposed order or decree. While an award of $ 500 or $ 1,000 might have been aggravating or unpleasant for the losing party, it was generally not worthy of a request for posttrial relief or appeal. However, recently this court has witnessed attorney's-fee awards dramatically escalate in domestic-relations cases.
Over the past two years, we have seen attorney's fees awarded in the amounts of $ 14,190, $ 18,116, $ 30,000, and $ 31,950.[1] While I am not criticizing the entitlement to, or the amount of, those fees, our court is being requested by the parties to review the fees. When requested, our task is to review the entitlement to and the reasonableness of the fees under an abuse-of-discretion standard. However, circuit courts generally do not provide any reason for the amount of an award, nor a reason as to why one party or the other is entitled to attorney's fees. If the record and the decree is completely void of the reasons, findings, or conclusions of the circuit court, how then can we be expected to perform an intelligent and well-reasoned review?
Our court should not be forced to resort to speculation, conjecture, or divination to *506 ascertain whether the circuit court's award was thoughtless, improvident, or without due consideration. Common courtesy requires, and due process should demand, that parties who are encumbered with imposing, and sometimes daunting, monetary judgments for attorney's fees be given the underlying justification and explanation therefor. Domestic-relations cases comprise a large percentage of the civil dockets around the state. We encourage parents to advocate in favor of their children. In fact, in Troxel v. Granville , 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), the United States Supreme Court recognized a parent's fundamental liberty interest in the care, control, and custody of one's child. An attorney's fee of $ 500 or $ 1,000 generally did not have a chilling effect on a party's access to justice. However, the unexpected imposition of the opposing party's attorney's fees in the tens of thousands of dollars after an extended period of litigation can, in fact, have that unwanted and undesirable chilling effect. If we are going to attach substantial financial burdens to these litigants who are exercising their fundamental liberties, the least we can do as a fair and impartial judicial system is explain to those litigants the reasons for their newly acquired burden. Then, we as a reviewing court would have a competent record upon which we can faithfully perform our duties and determine whether the circuit court abused its discretion. I would therefore, overturn Tiner , or perhaps modify Tiner , to require a thoughtful and thorough explanation of attorney's fees to these litigants in the circuit courts.
Abramson, Virden, and Harrison, JJ., join in this dissent.

Martin v. Franklin Capital Corp. , 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (citations and quotations omitted).